Nov. Term,
1857.

Piatt
v.
Dawes.

Wednesday,
January 13.

*D. C. Chipman*, for the state.

(1) 9 Ind. R. 494.

---

PIATT *v.* DAWES.

Suit by a guardian of minor heirs against a lessee of the administrator for the use and occupation of a certain shop. The defendant set up his lease, the validity of which the plaintiff denied. The defendant introduced as evidence an order of Court authorizing a sale of the rents and profits for the payment of debts, and a second order, confirming the administrator's report of the leasing of the property. He then offered the lease in evidence, but it was excluded. It was contended that if the orders were all the proceedings authorizing the lease, it was inadmissible; and if they were not, all the proceedings should have been introduced. *Held*, that a party may prove the facts in his case in the order which he may prefer; that it cannot be presumed that if the lease had been introduced, the defendant would have rested his case upon it and the orders; but that, on the contrary, it must be presumed that the proper proceedings had preceded the order of confirmation.

The statute of 1843 authorized administrators to lease real property for the payment of debts, where adversary proceedings were had, at least to the extent of making those interested in the land parties, and giving them notice. Where such proceedings were not had the leasing is of no validity.

Wednesday,
January 13.

APPEAL from the *Marshall* Court of Common Pleas.

HANNA, J.—The facts, as shown by the record, are as follows: *Elizabeth Dawes*, as gurdian of her minor children, heirs of *Frank Dawes*, deceased, brought suit for use and occupation of a certain shop, against *Piatt*, and alleges that deceased was the owner and died possessed of the

premises described; that said heirs were in possession there-
of until *Piatt* entered as tenant, &c.   *Piatt* admitted the
occupation, but denied the right of said *Elizabeth* to reco-
ver the rents, and set up that he held under a lease from
one *Pomeroy*, who was the administrator of the estate of
said deceased, and who executed the same under the au-
thority and by order of the proper Court.   To this it was
replied, that there was no valid lease; that the execution
of a lease had not been authorized; and denials.   Upon
the trial, the plaintiff proved that deceased died in pos-
session of the shop; that his heirs had possession thereof
until defendant entered; and proved the reasonable value
of the rents.   The defendant thereupon introduced as evi-
dence certain orders, made by the Court, in the estate of
said decedent, as follows:

Of *August* term, 1852.   " Now comes the administrator
and *C. H. Reeve*, on behalf of himself and other creditors,
and it appearing that there are debts that are not paid or
any part thereof, and some debts that have been paid in
full, and that there are no personal assets to pay with, on
motion it is ordered by the Court, on due inquiry made,
that said administrator proceed to advertise and offer for
sale, for one-third cash down, and the balance in three and
six months, the rents and profits of the wagon-shop on lot
45 in *Plymouth*, and the blacksmith-shop over the river in
*Plymouth*," &c.

And also the following: " Now comes *William G. Pome-
roy*, the administrator, and files a report of the leasing of a
certain shop belonging to said estate, in these words (here
insert), and moves for confirmation, and after full inspec-
tion had, said report is by the Court approved and con-
firmed."

The bill of exceptions then states that the defendant
offered to introduce the lease referred to in the above order,
to the introduction of which objection was made and the
objection sustained.   This raises the question to be con-
sidered.

It is insisted by the appellant that the orders of the
Court above quoted, are not void, and can not therefore be

attacked collaterally. This is controverted; and it is also said that the lease ought not to have been given in evidence, if those orders were all the proceedings authorizing the making thereof, and if they were not all the records, that all of the records pertaining to the matter should have been introduced. We have heretofore decided that a party has a right to prove the several facts in his case in the order which he may prefer. *Hadden* v. *Johnson,* 7 Ind. R. 394.—4 Blackf. 174. We cannot presume that if the lease had been admitted in evidence, the defendant would have stopped there, and rested his case upon the records already produced; but we must presume, so far as any presumption arises upon the point, that the proper proceedings had preceded the order confirming the report of leasing: and therefore it was error to refuse the evidence offered.

As the question will again arise upon the trial below, we might add that the statute of 1843, which authorized an administrator to lease real property for the payment of debts, gave such power in instances where adversary proceedings were had, at least to the extent of making those interested in such lands parties, giving them notice, &c. If no such proceedings were had in this case, the leasing was of no validity.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. C. Newcomb* and *J. S. Harvey,* for the appellant.

*J. W. Chapman* and *J. B. Merriwether,* for the appellee.